592 A.2d 1389

**Michael FRISHMAN, Petitioner,**

v.

**DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF VEHICLE MANUFACTURERS, DEALERS and SALESPERSONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1991.

Decided June 13, 1991.

Reargument Denied Aug. 14, 1991.

William J. Brennan, for petitioner.

Joyce McKeever, Chief Counsel, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Michael Frishman (Petitioner) appeals from an order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) which revoked Petitioner's vehicle salesperson's license and assessed a civil penalty of $3,700.00. We affirm.

Prior to September 17, 1986, Petitioner, a licensed vehicle salesman, was president of Armar Motor Corporation (Armar), a licensed vehicle dealer. Acting through Armar, as a

vehicle dealer and salesman, Petitioner participated in an odometer rollback scheme where he purchased high mileage, late model vehicles, which were cosmetically refurbished and the odometers rolled back to correspond with their lower mileage outward appearance.

On September 17, 1986, Petitioner, Armar, and others entered into a consent decree (1986 decree) with the Commonwealth of Pennsylvania, acting through the Office of Attorney General, resolving a complaint in equity filed against them regarding the odometer rollback scheme.[1] The equity action was filed pursuant to the Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1—201-9.2 (Consumer Protection Act), Sections 7137–7138 of the Vehicle Code, 75 Pa.C.S. §§ 7137–7138 (State Odometer Act), and Sections 401–418 of the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. §§ 1981–1991 (Federal Odometer Act). Under the terms of the 1986 decree, Petitioner admitted to participating in the odometer rollback scheme, agreed to abide by the terms of the Consumer Protection Act, the State Odometer Act and the Federal Odometer Act, paid restitution/civil penalty in the amount of $25,000.00, agreed to cease business as a motor vehicle dealer in the Commonwealth of Pennsylvania for a period of two and one-half years, and finally agreed that if Petitioner should violate any of the above mentioned statutes, or act as a motor vehicle dealer during the period of prohibition, Petitioner would forfeit all Commonwealth of Pennsylvania licenses as a motor vehicle dealer and salesperson and could never re-apply for or accept any such licenses in the future. Petitioner, however, was permitted to continue to hold a vehicle salesperson's license under the 1986 decree.

In April, 1988, the Board issued an order to show cause alleging that Petitioner had violated Sections 10(2) and 10(13) of the Board of Vehicles Act, Act of December 22, 1983, P.L. 306, *as amended*, 63 P.S. §§ 818.10(2) and 818.-

---

1. The equity action was docketed in this court as *Commonwealth v. Frishman* (2107 C.D. 1985). The Board was not a party in this action.

10(13).[2]  The bases for the action of the Board were the actions admitted to by Petitioner in the 1986 decree. Following a hearing, the Board revoked Petitioner's vehicle salesperson's license and assessed a civil penalty in the amount of $3,700.  This appeal followed.[3]

The issue before this court is whether the 1986 decree prevented the Board from revoking Petitioner's vehicle salesperson's license and prevented the Board from imposing a civil penalty.  For the reasons set forth below, we affirm the Board.

The essence of Petitioner's argument is that the Commonwealth of Pennsylvania (Commonwealth) is a monolithic form of government, and that by entering into the 1986 decree, it is forever barred from further action on the same set of facts, unless Petitioner violates the terms of the 1986 consent decree.  However, one need only look at decisions of this court regarding sovereign immunity to learn that the court recognizes a distinction between the Commonwealth

2.  These sections read as follows:
Section 10.  Grounds for disciplinary proceedings
The board shall have the power to formally reprimand, suspend or revoke any license or refuse to issue or renew any license of an applicant or licensee or a person required to be licensed under this act, if after due notice and hearing, the person charged is found in violation of or fails to carry out the acts and procedures set forth in sections 5 and 8 or is found guilty of committing or attempting to commit any of the ... following acts:
. . . .
(2) Knowingly make any substantial misrepresentation of material facts.
. . . .
(13) Failing to take immediate remedial action when the dealer knows that someone in his direct employ or someone who renders vehicle-related services to the dealer for consideration, has unlawfully tampered with the odometer of a vehicle in his care, custody or control or which has been sold or exchanged by the dealer at wholesale or retail.  For the purposes of this paragraph, remedial action shall be defined as at least reporting the incident in writing to the Pennsylvania State Police or the board.

3.  Our scope of review is limited to determining whether constitutional rights were violated, Board procedure was followed, the decision is in accordance with law, or the findings of fact are supported by substantial evidence.  *Wills v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 138 Pa.Commonwealth Ct. 50, 588 A.2d 572 (1991).

and its administrative agencies. *See Hall v. Acme Markets, Inc.,* 110 Pa.Commonwealth Ct. 199, 532 A.2d 894 (1987). The Commonwealth itself is absolutely immune from suit, 1 Pa.C.S. § 2310. This absolute immunity has been waived only where any commonwealth agency or employee thereof is a party, and then only with respect to an act within the scope of his or her office or employment. 42 Pa.C.S. § 8501; 42 Pa.C.S. § 8522(a).

In addition, the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended,* 71 P.S. §§ 732-101—732-504, establishes both the Office of Attorney General, and the Office of General Counsel, two distinct entities, with primary responsibilities that differ. The Office of Attorney General is primarily responsible for criminal matters, defending civil litigation involving any agency, reviewing all proposed regulations, and administering the consumer affairs program, while the Office of General Counsel is concerned with the legal affairs of each executive agency, and in particular, the institution of legal proceedings by an executive agency involving matters arising in connection with the exercise of the official powers and duties of the agency. Under this act, the Office of Attorney General does not necessarily act on behalf of the Board. Such a determination requires an examination of the facts in each case.

In the present case, the Board was not a party to the action in which the 1986 decree was entered, nor did the complaint which began the action charge any violation of the Board of Vehicles Act. Contrary to the assertions of the Petitioner, the 1986 decree had no res judicata effects on the action of the Board. As the supreme court said in *Sabatine v. Commonwealth,* 497 Pa. 453, 457–458, 442 A.2d 210, 212 (1981):

> A consent decree, however, is not a legal determination of matters in controversy; it has the binding force of a legal determination on the parties thereto only. *Zampetti v. Cavanaugh,* 406 Pa. 259, 265, 176 A.2d 906, 909 (1962). It is a contract binding the parties to the terms thereof,

and a court has neither the power nor the authority, absent fraud, accident or mistake, to modify its contents .... The Commonwealth, however, was not a party, to the equity action, and thus was not bound by its resolution.

Petitioner, in effect, is seeking to modify the consent decree by adding the Board as a party to the action, and including new charges, i.e. the violations of the Board of Vehicles Act. We have no authority to make such modifications.

Furthermore, the legislature has placed the responsibility of administering and enforcing the Board of Vehicles Act upon the Board, not the Office of Attorney General. While Petitioner may have agreed to forego acting as a vehicle dealer, there was nothing in the 1986 decree to prohibit him from reactivating his vehicle dealer license, if a franchise were available. The Board is the only body authorized to suspend or revoke a license. If we were to accept the arguments of Petitioner, we would be undermining the authority of the Board to administer the Board of Vehicles Act uniformly, and violating the intent of the legislature because they placed such authority in the hands of the Board, not the Office of Attorney General.

Accordingly, we affirm the order of the Board because we conclude that the Board was not barred by the 1986 decree from imposing discipline on Petitioner.

ORDER

AND NOW, June 13, 1991, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons, in the above-captioned matter is affirmed.