v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 1996.
Decided April 21, 1997.

Michael J. Cammarano, Reading, for petitioner.

Myra W. Sacks, Assistant Counsel, Harrisburg, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

P.E. petitions this Court for review of a final order of the Department of Public Welfare, Office of Hearings and Appeals (OHA), adopting in its entirety the recommendation of a hearing officer to dismiss P.E.'s appeals to expunge his name from an indicated report of child abuse listing him as the perpetrator. P.E. questions whether a hearing

officer may dismiss an expunction[1] appeal on the basis of a motion to dismiss that was not docketed in the certified record without affording the petitioner notice of the hearing officer's intention to act on the motion or affording the petitioner an opportunity to file a brief.

P.E., a licensed social worker, was the executive director of Concern, Inc., a residential foster care facility located in Fleetwood, Pennsylvania. In the course of an investigation conducted by the Office of Children, Youth and Families (OCYF), six boys under the age of 18 each stated that P.E. performed an unsupervised physical examination of them in which P.E. directed each child to undress and to spread his buttock cheeks so that P.E. could visually examine the child's anal area. Thereafter, six indicated reports of child abuse were filed between April 1990 to June 1990, naming P.E. as the perpetrator. P.E. requested that OCYF remove his name as the alleged perpetrator; OCYF denied his request and an appeal followed.

During the pendency of the appeal, DPW filed a motion to stay proceedings. That motion was granted until a final determination was rendered by the State Board of Social Work Examiners in a proceeding concerning possible revocation of P.E.'s license to practice social work. On July 15, 1991, P.E. entered a plea of nolo contendere in the Court of Common Pleas of Berks County to five misdemeanor counts of endangering the welfare of children. By adjudication and order of July 11, 1995, the State Board of Social Work Examiners suspended P.E.'s license to practice social work for a period of three years, which was stayed in favor of probation.

On March 5, 1996, in response to the hearing officer's request for a status report from counsel, DPW filed its motion to dismiss P.E.'s expunction appeal. This motion, which was filed by letter, indicated that a copy was sent to Mr. Cammarano, P.E.'s counsel. DPW's letter motion stated that the record, adjudication and order of the State Board of Social Work Licensure was sufficient to dispose of P.E.'s pending appeals before OHA. No response to DPW's motion was filed by P.E.

■ DPW's motion to dismiss was omitted from the original certified record although the supplemental certified record transmitted to this Court by OHA contains DPW's motion. The hearing officer granted DPW's motion and dismissed the appeal, and OHA affirmed the dismissal on June 4, 1996. On appeal from a final administrative order, this Court's scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether legal error has been committed or whether constitutional rights have been violated. *B.E. re G.M. Jr. v. Department of Public Welfare,* 654 A.2d 290 (Pa.Cmwlth. 1995).

■ P.E. first contends that the certified record neither contains DPW's motion to dismiss nor indicates that DPW's motion to dismiss was served on P.E.'s counsel. P.E. suggests that because the original certified record does not contain DPW's motion, there is no evidence that it was, in fact, ever filed and served on P.E. P.E., therefore, maintains that OHA dismissed his appeal sua sponte. However, Rule 1951(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1951(b), provides that "[i]f anything material to any party is omitted from the record ... the parties [to an administrative proceeding] may at any time supply the omission...." *Anam v. Workmen's Compensation Appeal Board (Hahnemann),* 113 Pa.Cmwlth.483, 537 A.2d 932 (1988). Furthermore, 1 Pa. Code § 33.34 requires the attachment of a certificate of service to each original pleading as proof of service. Although the supplemental certified record transmitted to the Court only contains the letter motion to dismiss indicating that a copy was sent to P.E.'s

---

1. The term "expungement" is now referred to as "expunction." *See* Child Protective Services Law, 23 Pa.C.S. §§ 6337, 6338 and 6341, as amended by Section 3 of the Act of December 16, 1994, P.L. 1292.

counsel and does not include a separate certificate of service, P.E.'s counsel does not deny that he received the letter motion.[2]

P.E. next contends that OHA deprived him of due process by dismissing his appeal without affording him the opportunity to respond to DPW's motion. Where, as here, a motion to dismiss is filed by DPW, opposing counsel has ten days, unless the time period is otherwise fixed by the agency head or presiding officer, in which to answer or to object to the motion. 1 Pa.Code § 35.179. The record establishes that P.E. failed to respond to DPW's motion. Because the motion was unopposed, OHA's adoption of the hearing officer's recommendation to dismiss this matter was proper, and no further hearing is required.[3] DPW's motion indicated that notice was sent to P.E.'s counsel, and, therefore, P.E.'s assertion that OHA deprived him of due process by dismissing his appeal without affording him the opportunity to respond to DPW's motion is without merit. Accordingly, the final order of the Office of Hearings and Appeals is affirmed.

### ORDER

AND NOW, this 21st day of April, 1997, the order of the Department of Public Welfare, Office of Hearings and Appeals is affirmed.

---

2. Pleadings filed in proceedings pending before an agency shall be served upon all participants in the proceeding. 1 Pa.Code § 33.32. When a participant is represented by an attorney, service upon the attorney shall be deemed service upon the participant. 1 Pa.Code § 33.33.

3. OHA as designee for the Secretary of DPW is the ultimate fact finder in a hearing to determine whether to expunge an indicated report of child abuse. *G.S. v. Department of Public Welfare,* 104 Pa.Cmwlth. 84, 521 A.2d 87 (1987).