IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A Samuel's Christian Home Care,    :
    :
               Petitioner    :
    :
        v.    :  No.  1400 C.D. 2019
    : Submitted: August 21, 2020
Department of Health,    :
    :
            Respondent    :

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
PER CURIAM                       FILED:  July 19, 2021


A Samuel's Christian Home Care (Licensee) petitions for review of the Final Agency Determination of the Secretary of Health, of the Department of Health (Secretary and Department, respectively), adopting the Proposed Report of a Department hearing examiner (Hearing Examiner) that affirmed the Department's January 23, 2018 Amended Order (Amended Order). The Amended Order rescinded Licensee's regular license to operate a home health care agency,[1] dated September

---

[1] Section 806(a) of the Health Care Facilities Act (Act), Act of July 19, 1979, P.L. 130, *as amended*, added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.806(a), states:  "No person shall maintain or operate or hold itself out to be a health care facility without first having obtained a license therefor issued by the [D]epartment.  No health care facility can be a provider of medical assistance services unless it is licensed by the [D]epartment and certified as a medical assistance provider."  In turn, Section 802.1 of the Act, added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.802a, defines "home health care agency," in relevant part, as "[a]n organization . . . staffed and equipped to provide nursing and at least one therapeutic service to persons who are disabled, aged, injured or sick in their place of residence or other independent living environment.  The agency may also provide other health-related services to protect and maintain persons in their place of residence or other independent living environment."

1, 2017, through August 31, 2018; revoked Licensee's home health care agency license effective February 23, 2018; directed the closure of Licensee's home health care facility and discharge of its patients to other home health care agencies; and dismissed Licensee's exceptions to the Proposed Report. We affirm.

Licensee is a home health care agency owned by Ebenezer Singha (Singha) located at 309 Huron Street, Industry, Beaver County, and was operating under Department License No. 02140501. From August 9, 2017, to August 16, 2017, the Department conducted and completed a Survey[2] of the facility and found 13 violations of the Department's regulations with respect to Licensee's operations. Based on the Survey, the Department issued a Form CMS-2567 extensively setting forth the specific facts underlying the purported violations. *See* Certified Record (C.R.) at 81-139.[3]

_____

[2] Section 806.4(a) of the Act, added by the Act of July 7, 2006, P.L. 334, 35 P.S. §448.802d(a), provides: "An application for licensure or the issuance and renewal of any license by the [D]epartment shall constitute consent by the applicant or licensee for a representative of the [D]epartment to have access to enter the premises for inspection purposes during regular business hours." *See also* Section 601.4 of the Department's regulations, 28 Pa. Code §601.4 ("The home health care agency shall be subject to inspection at any time by authorized representatives of the Department. Inspections may be scheduled in advance or be unannounced.").

[3] The Secretary summarized the violations as follows:

> The Department's January 23, 2018 Amended Order set forth deficiencies on [Licensee's] part, constituting violations of the Department's regulations at 28 Pa. Code [§§]601.21 (related to organization, services and administration); 601.21(c) (related to governing body); 601.21(d) (related to administrator); 601.21(e) (related to supervising physician or registered nurse); 601.31(a) (related to patient acceptance, plan of treatment and medical supervision); 601.31(b) (related to plan of treatment); 601.31(c) (related to periodic review of plan of treatment); 601.31(d) (related to conformance with physician orders); 601.32 (related to skilled nursing service); 601.32(a) (related to supervision); 601.32(b)

**(Footnote continued on next page…)**

2

Ultimately, on January 23, 2018, the Department mailed an Amended Order directing the rescission of Licensee's regular license dated September 1, 2017, to August 31, 2018, and revoking Licensee's home health care agency license effective February 23, 2018, pursuant to Sections 811(1),[4] 812,[5] 814(a),[6] and 817(d)

---

> (related to duties of the registered nurse); 601.33(a) (related to qualified therapists); and 601.36(a) (related to maintenance and content of record). *Id.* Those deficiencies were based on specific factual allegations set forth in the Summary Statement of Deficiencies. *Id.*

C.R. at 283-84.

[4] Added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.811(1). Section 811(1) states, in relevant part, that "[t]he [D]epartment may refuse to renew a license or may suspend or revoke or limit a license for all or any portion of a health care facility, . . . for . . . [a] serious violation of provisions of this [A]ct or of the regulations for licensure issued pursuant to this [A]ct. . . . For the purpose of this paragraph, a serious violation is one which poses a significant threat to the health or safety of patients or residents."

[5] Added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.812. Section 812 states, in pertinent part:

> When there are numerous deficiencies or a serious specific deficiency in compliance with applicable statutes . . . or regulations and when the [D]epartment finds the applicant is taking appropriate steps to correct the deficiencies in accordance with a timetable submitted by the applicant and agreed upon by the [D]epartment and there is no cyclical pattern of deficiencies over a period of two or more years, then the [D]epartment may issue a provisional license for a specified period of not more than six months which may be renewed three times at the discretion of the [D]epartment. Upon substantial compliance, including payment of any fines levied pursuant to [S]ection 817(d), a regular license shall be issued.

[6] Added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.814(a). Section 814(a) provides:

**(Footnote continued on next page…)**

of the Act,[7] based on the stated deficiencies in the Form CMS-2567 appended thereto. C.R. at 79-141.[8] The Amended Order stated that although Licensee "had

(a) **Notice of violations.--**Whenever the [D]epartment shall upon inspection, investigation or complaint find a violation of this chapter or regulations adopted by the [D]epartment pursuant to this chapter or pursuant to Federal law, it shall give written notice thereof specifying the violation or violations found to the health care provider. Such notice shall require the health care provider to take action or to submit a plan of correction which shall bring the health care facility into compliance with applicable law or regulation within a specified time. The plan of correction must be submitted within 30 days of receipt of the written notice or sooner if directed to do so by the [D]epartment. The [D]epartment may ban admissions or revoke a license before a plan of correction is submitted whenever deficiencies pose a significant threat to the health or safety of patients or residents.

[7] Added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.817(d). Section 817(d) states: "Whenever the [D]epartment determines that deficiencies pose an immediate and serious threat to the health or safety of the patients or residents of the health care facility, the [D]epartment may direct the closure of the facility and the transfer of patients or residents to other licensed health care facilities."

[8] Section 35.14 of the General Rules of Administrative Practice and Procedure (GRAPP) states:

Whenever an agency desires to institute a proceeding against a person under statutory or other authority, the agency may commence the action by an order to show cause setting forth the grounds for the action. The order will contain a statement of the particulars and matters concerning which the agency is inquiring, which shall be deemed to be tentative and for the purpose of framing issues for consideration and decision by the agency in the proceeding, and the order will require that the respondent named respond orally, or in writing (as provided in [Section] 35.37 (relating to answers to orders to show cause)) or both.

1 Pa. Code §35.14; *see also* Section 551.111 of the Department's regulations, 28 Pa. Code §551.111 ("Hearings relating to licensure, including the issuance of a provisional license, or the suspension of admissions, will be conducted by the Health Policy Board, under 37 Pa. Code **(Footnote continued on next page…)**

submitted a Plan of Correction, which was acceptable to the Department," "a follow-up survey on September 29, 2017, was unable to verify compliance as the agency has had no clients." *Id.* at 79.

The Amended Order also stated, in relevant part:

> You may appeal the issuance of this [Amended] Order by requesting an Administrative Hearing before the Health Policy Board [(Board)]. If you wish to appeal the Department's action you must file the attached "Notice of Appeal" within <u>30 days</u> of the <u>Date of Mailing</u> of this decision with the [<u>Board</u> . . . .]

> Additionally, if an appeal is filed, an Answer to the Order must be filed with the [<u>Board</u>] specifically admitting or denying the allegations or charges in the [Amended] Order. See, 37 Pa. Code §197.84.[9] Failure to file said Answer shall be deemed an admission by you that all allegations or charges contained in the [Amended] Order are true. The rules of practice and procedure for the [Board] can be found at 37 Pa. Code Chapter 197.

* * *

---

Chapter 197 (relating to practice and procedure)."); Section 197.2(a) of the Board's regulations, 37 Pa. Code §197.2(a) ("Part II of 1 Pa. Code (relating to [GRAPP]) applies to practice and procedure before the [Board] insofar as it is not inconsistent with this chapter.").

[9] Section 197.84(b) of the Board's regulations provides:

> (b) Where the decision of the Department is in the form of a rule or order to show cause, the appellant shall, at the time of filing the notice of appeal, file an answer to the rule or order, which answer shall be drawn so as specifically to admit or deny the allegations or charges which may be made in the rule or order. Failure to file the answer shall be deemed an admission by the appellant that the factual allegations or charges contained in the rule or order are true.

37 Pa. Code §197.84(b).

5

> If you do not request a hearing within <u>30 days</u> of the
> <u>Date of Mailing</u>, this [Amended] Order shall become final
> pursuant to 1 Pa. Code §35.37[10] and 35 P.S. §448.815.[11]

C.R. at 79-80 (emphasis in original).

On February 22, 2018, Singha filed a *pro se* Notice of Appeal and a letter appealing the Amended Order on Licensee's behalf. C.R. at 1-6. In the Notice of Appeal, Licensee's specific objection to the Amended Order stated that "[t]he decision is based on an erroneous standard which was unreasonable and arbitrar[il]y set by the [Department] and not found anywhere in PA regulations," and the revocation "is double jeopardy as this agency's license was sanctioned in Sept[ember] 2017 and is being sanctioned again in Jan[uary] 2018." *Id.* at 1. In the attached letter, Licensee outlined the circumstances surrounding the Survey, alleging that "the [l]icense history does not support the [Department] action," and the deficiencies were only found in retaliation for its refusal to close the facility because

---

[10] Section 35.37 of the GRAPP states, in pertinent part:

> A person upon whom an order to show cause has been served . . . shall, if directed so to do, respond to the same by filing within the time specified in the order an answer in writing. The answer shall be drawn so as specifically to admit or deny the allegations or charges which may be made in the order, set forth the facts upon which respondent relies and state concisely the matters of law relied upon. Mere general denials of the allegations of an order to show cause which general denials are unsupported by specific facts upon which respondent relies, will not be considered as complying with this section and may be deemed a basis for entry of a final order without hearing, unless otherwise required by statute, on the ground that the response has raised no issues requiring a hearing or further proceedings.

[11] Section 815(a) of the Act, added by the Act of July 12, 1980, P.L. 655, 35 P.S. §448.815(a), provides: "Orders of the [D]epartment from which no appeal is taken to the [B]oard, and orders of the [B]oard from which no timely appeal is taken to the Commonwealth Court, are final orders and may be enforced in court."

it had no patients. *Id.* at 2. Licensee asserted that any purported deficiencies were corrected as evidenced by the Department's initial approval of the license renewal in September 2017. *Id.* at 2-3.

In the letter, Licensee also claimed that the subsequent discipline in the Amended Order constitutes double jeopardy, as evidenced by the amendment of the initial Order that was issued to delete federal deficiencies while adding the foregoing state deficiencies under the Department's regulations. C.R. at 3. Further, Licensee contended that the discipline imposed by the Amended Order cannot be based solely on the August 2017 Survey because Singha emailed the Department to obtain a Statement of Deficiencies for both the August 2017 and September 2017 Surveys, but the Department did not provide any deficiencies from the September 2017 Survey. *Id.* Licensee submitted that the lack of a Statement from the September 2017 Survey "is evidence [that] is beneficial to [Licensee's] case" because the Department is "withholding this evidence," and that Statements from both Surveys should be sent to Licensee as well as the Board. *Id.*

On May 1, 2018, the Department filed a Motion to Deem Facts Admitted Against A Samuel's Christian Home Care for Failure to Comply with 1 Pa. Code §35.37 (Motion), in which the Department asked that all of the facts underlying the 13 deficiencies in the Form CMS-2567 be deemed admitted based on Licensee's failure to deny these allegations in his Notice of Appeal or in the letter attached thereto. C.R. at 181-82. The Department asserted that the responses in Licensee's "Answer do not deny the allegations, either generally or specifically, but only reference erroneous and/or irrelevant details of the [S]urvey that resulted in the [Amended] Order," and that "[a]t no time does [Licensee] deny, or even list, any of the state home health deficiencies in its Answer." *Id.* at 182. The Department

7

alleged that Licensee's failure to comply with the requirements of Section 35.37 of the GRAPP and Section 197.84 of the Board's regulations by "fail[ing] to specifically deny the allegations it its Answer requires those facts to be deemed admitted," and "[g]iven [Licensee's] admission of the facts alleged in the [Amended] Order, a default judgment should be entered." *Id.* Moreover, the Department claimed, "[i]n admitting the facts alleged in the [Amended] Order, [Licensee] has waived the basis for its appeal," and "[d]ue process does not require a hearing in every case" because "where no factual issues are in dispute, no evidentiary hearing is required." *Id.* As a result, based on the foregoing, the Department asked that default judgment be entered in its favor and against Licensee because Licensee "has waived the grounds for its appeal" of the Amended Order. *Id.* at 183. Although Licensee filed a Motion to Dismiss the Amended Order on May 18, 2018, *see* C.R. at 191-206, it did not file an answer to the Department's Motion.

On May 21, 2018, the Hearing Examiner issued an order that stated, in relevant part:

> [U]pon consideration of the [Motion] filed by the [Department] on May 1, 2018, and noting that [Licensee] has not filed a response to the [Motion] within the 10-day period prescribed for response to a motion by the [GRAPP] at 1 Pa. Code §35.179,[12] the [Motion] is **GRANTED**.
>
> Consistent with the Department's request in the [Motion] and the grant of the [Motion], the facts set forth in the Department's [Amended Order] are deemed admitted, a default judgment is entered against [Licensee], and the grounds on which [Licensee] bases any appeal of

---

[12] Section 35.179 of the GRAPP states: "Any participant shall have 10 days within which to answer or object to any motion unless the period of time is otherwise fixed by the agency head or the presiding officer."

8

the Department's [Amended Order] are deemed to have been waived.

> The hearing in this matter . . . is **CANCELLED**. The record in this matter is **CLOSED**.

> A proposed report shall be issued in due course.

C.R. at 208.

On June 4, 2018, the Hearing Examiner filed a Proposed Report in which she found as fact that "[t]he facts found by the Department during the August 2017 [S]urvey, as detailed in the Summary Statement of Deficiencies column of the [Form CMS-2567] attached to the Amended Order, are incorporated by reference as part of these Findings of Fact as if fully set forth at length." C.R. at 220. The Hearing Examiner also found:

> [Licensee] has been served with the Amended Order, the [Motion], and all subsequent notices, documents and pleadings filed in this matter, and has had an opportunity to respond to all of said pleadings, but at no time did [Licensee] explain its failure to file a responsive answer to the allegations in the Amended Order or its failure to respond to the [Motion], and at no time has [Licensee] filed an answer to the Amended Order which admits or denies the allegations in the Amended Order.

*Id.*

Based on the foregoing findings, the Hearing Examiner concluded:

> Because [Licensee] failed to [file an] answer to the Department's Amended Order which specifically admitted or denied the factual allegations underlying the violations set forth in the Department's Amended Order, [Licensee] is in default and is deemed to have admitted the factual allegations contained in the Department's Amended Order.

C.R. at 221 (citing 1 Pa. Code §35.37 and 37 Pa. Code §197.84(b)).

9

Accepting the undisputed specific factual allegations in the Amended Order and the attached Form CMS-2567 as true, the Board also concluded that Licensee failed to comply with the following Department regulations: (1) 28 Pa. Code §601.21 (relating to organization, services, and administration); (2) 28 Pa. Code §601.21(c) (relating to a governing body); (3) 28 Pa. Code §601.21(d) (relating to an administrator); (4) 28 Pa. Code §601.21(e) (relating to a supervising physician or a registered nurse); (5) 28 Pa. Code §601.31(a) (relating to patient acceptance, a plan of treatment, and medical supervision); (6) 28 Pa. Code §601.31(b) (relating to a plan of treatment); (7) 28 Pa. Code §601.31(c) (relating to the periodic review of a plan of treatment); (8) 28 Pa. Code §601.31(d) (relating to the conformance with physician orders); (9) 28 Pa. Code §601.32 (relating to skilled nursing service); (10) 28 Pa. Code §601.32(a) (relating to supervision); (11) 28 Pa. Code §601.32(b) (relating to the duties of a registered nurse); (12) 28 Pa. Code §601.33(a) (relating to qualified therapists); and (13) 28 Pa. Code §601.36(a) (relating to the maintenance and content of records). C.R. at 221-22, 225-26; *see also id.* ("[T]he Department initially determined that [Licensee] had committed serious specific and repeated deficiencies by failing to comply with the Department's regulations . . . . Based on the undisputed facts constituting the deficiencies set forth in the Amended Order, [Licensee] has engaged in the regulatory violations as charged.").

The Hearing Examiner further concluded:

> Under the [Act] at [S]ections 811, 812, 814 and 817, 35 P.S. §§448.811, 448.812, 448.814, and [448.]817, the Department is authorized to impose disciplinary sanctions, including suspension, revocation or limiting of a license and/or a civil penalty, for violations of the [Act] or the regulations for licensure issued pursuant to the [Act]. Via the issuance of its Amended Order in this matter, the

10

> Department imposed such sanctions, in the form of rescission of [Licensee's] regular license dated September 1, 2017, through August 31, 2018, and revocation of [Licensee's] home health [care] agency [license]. [Licensee] has not provided any factual basis for disputing the accuracy of the determinations in that [Amended] Order. Accordingly, the Department's findings and sanctions, as set forth in its Amended Order, shall be affirmed by the issuance of the following proposed order[.]

C.R. at 302-03. As a result, the Hearing Examiner issued a Proposed Order affirming the Department's Amended Order. *Id.* at 304.

On June 28, 2018, Licensee filed a "Motion to vacate hearing officer's 'DEFAULT JUDGMENT' AND Motion TO DISMISS THE [DEPARTMENT'S] ORDER TO REVOKE THE LICENSE OF A SAMUEL'S CHRISTIAN ORDER EFFECTIVE FEBRUARY 23RD 2018" (Exceptions) with an accompanying Memorandum (Brief on Exceptions). C.R. at 231-48. As summarized by the Board:

> [Licensee's] Brief on Exceptions contains numerous vague, nebulous averments woven together throughout 16 single-spaced pages of small font text. Its arguments and factual assertions are not organized in any cognizable fashion, leaving the Board to tease out, if possible, a coherent narrative to which it can adequately respond. In addition to a due process argument, [Licensee] ostensibly seeks relief from this Board based on "Estoppel by [l]ache[s]," "Promissory estoppel," "Equitable estoppel," and "Detrimental [r]eliance." However, [Licensee] does not set forth the elements for these defenses in its Brief, nor does it further discuss how this relief is applicable. Consequently, these arguments will not be addressed further.

*Id.* at 281 n.1.

With respect to Licensee's due process claim, the Board concluded:

> While [Licensee's] Brief on Exceptions avers that it has somehow been denied due process of law by the Department in this matter[,] even a cursory examination of

11

the record reveals the converse to be true.  Specifically, despite being given ample opportunity to respond to the allegations contained in the Department's January 23, 2018 Amended Order, [Licensee] failed to do so. Consequently, the Hearing [Examiner] correctly granted the Department's subsequent May 1, 2018 Motion to Deem Facts Admitted.

C.R. at 281 (citation and footnote omitted).

Accordingly, by August 5, 2019 Order, the Secretary "**ORDERED** that the Hearing [Examiner's] Proposed Report, including the Findings of Fact and Conclusions of Law, is **ADOPTED** for the reasons stated in the Proposed Report," and that "[Licensee's] Exceptions to the Hearing [Examiner's] Proposed Report are hereby **DENIED** for the reasons stated in the attached Final Agency Determination." C.R. at 285 (emphasis in original).  Licensee then filed the instant petition for review of the Secretary's Final Agency Determination.

On appeal,[13] Singha is again representing Licensee's interests *pro se*,[14] and raises a number of claims that were not included in the Exceptions that were filed to the Hearing Examiner's Proposed Order nor addressed by the Board or the Secretary.  As a result, they have been waived and will not be addressed for the first time in this appeal.  *See* Pa. R.A.P. 1551(a) ("Review of quasi-judicial orders shall

_____

[13] Our "review is limited to determining whether constitutional rights were violated, whether an error of law was committed[,] or whether the necessary findings of fact are supported by substantial evidence."  *Sklar v. Department of Health*, 798 A.2d 268, 273 n.7 (Pa. Cmwlth. 2002).

[14] Singha has appeared *pro se* on Licensee's behalf throughout the proceedings below as well as on appeal to this Court.  *See, e.g.*, *Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.") (citations omitted).

be conducted by the court on the record made before the government unit. Only questions raised before the government unit shall be heard or considered . . . ."); Section 35.213 of the GRAPP, 1 Pa. Code §35.213 ("Objections to any part of a proposed report which is not the subject of exceptions may not thereafter be raised before the agency head in oral argument . . . and shall be deemed to have been waived."). [15]

From the remaining issues that may be gleaned from Licensee's appellate brief, to the extent that Licensee argues that the Board and the Secretary erred in failing to address the defenses that were raised in the Brief on Exceptions, the Certified Record reveals that no error was committed in this regard because Licensee failed to set forth any of the elements of any of the defenses that it wished to assert. *See, e.g.*, Section 35.212(a)(1)(iii) and (iv) of the GRAPP, 1 Pa. Code §35.212(a)(1)(iii) and (iv) ("Briefs on exceptions *shall* contain . . . [t]he grounds upon which the exceptions rest [and t]he argument in support with appropriate references to the record and legal authorities.") (emphasis added); *see also* Pa. R.A.P. 2119(a); *Spotz*; *Browne*.

To the extent that Licensee also argues that the Board and the Secretary erred in rejecting its due process claims, the Certified Record again belies Licensee's assertion. "There are two essential elements of due process in administrative proceedings: notice and opportunity to be heard." *Kiehl v. Unemployment Compensation Board of Review*, 747 A.2d 954, 957 (Pa. Cmwlth. 1999) (citation

---

[15] *See also* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999) (holding that the failure to develop issue in appellate brief results in waiver); *Browne v. Department of Transportation*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").

omitted).  Regarding the first element of due process, notice must reasonably inform interested parties of the pending action as well as the information necessary to allow either party to present objections.  *Wills v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 588 A.2d 572, 573 (Pa. Cmwlth. 1991).  Regarding the second element of due process, a hearing is not necessarily required where, for example, there are no factual issues in dispute.  *Gruff v. Department of State*, 913 A.2d 1008, 1014 (Pa. Cmwlth. 2006).

As outlined above, the Amended Order advised Licensee "if an appeal is filed, an Answer to the Order must be filed with the [Board] specifically admitting or denying the allegations or charges in the [Amended] Order," and that the "[f]ailure to file said Answer shall be deemed an admission by you that all allegations or charges contained in the [Amended] Order are true."  C.R. at 79-80 (emphasis in original).  Additionally, the Amended Order specifically invoked the application of Section 35.37 of the GRAPP and Section 197.84 of the Board's regulations, relating to a duty to specifically deny the factual allegations raised in the Amended Order. *See id.*  Moreover, after the Department filed its Motion for the entry of a default judgment based on Licensee's failure to specifically deny the factual allegations underlying the discipline sought in the Amended Order, Licensee failed to file a responsive answer within 10 days as required by Section 35.179 of the GRAPP.  *See id.* at 208.  In sum, the Certified Record of this case demonstrates that Licensee was given ample notice and an opportunity to be heard regarding the purported violations of the Department's regulations, and how to respond thereto, but failed to properly avail itself of the process that was due and provided to Licensee.

In a similar circumstance in which a default judgment was entered based on a teacher's failure to specifically deny the facts averred in a rule to show cause why disciplinary sanctions should not be imposed, this Court explained:

> Here, despite the clear directive in the Notice of Charges, [the teacher] did not specifically admit or deny any of the factual assertions, nor did he provide any reference to facts and matters of law relied upon; rather, he merely stated that he contested the legal conclusion that the crimes he was convicted of were crimes of moral turpitude. Thus, [the teacher] failed to file a responsive answer to the Notice of Charges, and the [Professional Standards and Practices] Commission could properly deem admitted the relevant facts stated in the Notice of Charges and proceed to consideration of discipline without scheduling an evidentiary hearing on the matter.

*Kinniry v. Professional Standards and Practices Commission*, 678 A.2d 1230, 1233-34 (Pa. Cmwlth. 1996); *see also Gruff*, 913 A.2d at 1014 ("In the present controversy, there were no factual issues in dispute. Therefore, an evidentiary hearing was not required. As no hearing was required, Gruff was not denied due process and the Secretary did not err."); *Zimmerman v. Foster*, 618 A.2d 1105, 1107 (Pa. Cmwlth. 1992) ("[A]s the Order to Show Cause itself clearly warned, '[a] respondent failing to file [an] answer within the time allowed shall be deemed in default, and relevant facts stated in the order to show cause may be deemed admitted.' 1 Pa. Code §35.37."). As a result, contrary to Licensee's assertion, the Department, the Board, and the Secretary did not violate Licensee's due process rights in disposing of the instant matter; *see also* Pa. R.A.P. 2119(a); *Spotz*; *Browne*.

Finally, to the extent that Licensee argues that the Board and the Secretary erred in affirming the Hearing Examiner's grant of the Department's Motion, the Certified Record again reveals no error in this regard. As extensively outlined above, Licensee failed to specifically deny the factual averments in the

15

Amended Order underlying the instant disciplinary sanctions, and failed to file a responsive answer to the Department's Motion seeking the entry of a default judgment within 10 days as required by Section 35.179 of the GRAPP. *See* C.R. at 208. *See also P.E. v. Department of Public Welfare*, 692 A.2d 1155, 1157 (Pa. Cmwlth. 1997) ("The record establishes that [the named perpetrator] failed to respond to DPW's motion [to dismiss]. Because the motion was unopposed, [the Office of Hearings and Appeals'] adoption of the hearing officer's recommendation to dismiss this matter was proper, and no further hearing is required."); Pa. R.A.P. 2119(a); *Spotz*; *Browne*.

Accordingly, the Secretary's Final Agency Determination is affirmed.

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A Samuel's Christian Home Care,      :
     :
             Petitioner      :
     :
         v.      : No. 1400 C.D. 2019
     :
Department of Health,      :
     :
             Respondent      :

**PER CURIAM**

# **O R D E R**

AND NOW, this 19th day of July, 2021, the Final Agency Determination of the Secretary of Health, of the Department of Health, dated August 5, 2019, is AFFIRMED.