Smith v. Reinhart Ford

C.P. of Lancaster County, no. CI-03-03183.

*Edward M. Nass* and *William C. Bensley,* for plaintiff.
*Jeffrey C. Sotland,* for defendants.

PEREZOUS, *J.,* September 29, 2004—This matter is before the court on preliminary objections filed by defendants, Reinhart Ford, Reinhart-Flynn Inc., Chadd M. Turnbull, Nicholas J. Reinhart, Al Dempsey and Carl Reinhart (collectively referred to as Reinhart), against the complaint of the plaintiff, Alice Smith. Specifically, the defendants contend that: (1) plaintiff's allegations contained in Counts I, III, and IV of the complaint fail to state a claim upon which relief can be granted because such claims are barred by the economic loss doctrine; (2) plaintiff's claims for punitive damages should be stricken because such damages are not allowed under the alleged facts; and (3) plaintiff's claims for attorney fees should be stricken. For the following reasons, this court sustains, in part, and overrules, in part, the first preliminary objection, and overrules the second and third preliminary objections.

This case arose from the plaintiff's purchase of a 1999 Ford Explorer from the defendants. On or about February 28, 2002, plaintiff entered into a purchase agreement with the defendants regarding the Explorer. The gravamen of plaintiff's complaint is that the defendants defrauded her by making certain misrepresentations about the vehicle.

Plaintiff claims that the defendants sold her an Explorer that they knew or should have known was damaged in a prior accident, and concealed this information from her. Furthermore, she avers that the damage from the prior accident brings into question the safety and reliability of the vehicle, reduces its value, and necessitates constant repair and maintenance. Other misrepresentations alleged in the complaint concern the odometer reading, and the amount of mileage on the sport utility vehicle.

The plaintiff filed the complaint involved in this matter on or about April 21, 2003. The complaint sets forth claims for relief based on theories of tort and contract law. Summarily, Count I of the complaint includes claims for fraud based upon the defendants' alleged misrepresentations. In Count II, plaintiff seeks relief on a breach of contract theory because of the defendants' alleged failure to deliver the Explorer for which she contracted. Count III claims that the defendants were negligent in failing to take several measures. For instance, plaintiff claims that defendants negligently failed to discover defects in the vehicle, comply with state laws and regulations, hire and supervise competent personnel, and warn the plaintiff about the defects. In Count IV, plaintiff alleges a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Count V alleges a breach of the implied warranty of merchantability. Finally, Count VI includes a claim based upon a theory of negligent misrepresentation. On or about June 3, 2003, defendants filed preliminary objections to the complaint. The preliminary objections were re-filed on June 25, 2004.

Pennsylvania law is well-settled and, accordingly, "[p]reliminary objections in the nature of demurrers are to be sustained only where facts averred in a complaint

are clearly insufficient to establish the pleader's right to relief." *HCB Contractors v. Liberty Place Hotel Associates,* 539 Pa. 395, 397, 652 A.2d 1278, 1279 (1995). In determining whether to grant a demurrer, the court must accept as true all of the well-pleaded material facts set forth in the complaint and all of the inferences fairly deducible from those facts. *Small v. Horn,* 554 Pa. 600, 608, 722 A.2d 664, 668 (1998). When doubt exists as to whether a demurrer should be sustained, the doubt should be resolved in favor of overruling the demurrer. *Green v. Mizner,* 692 A.2d 169, 172 (Pa. Super. 1997). Therefore, in considering the present preliminary objections, the court accepts as true all of the well-pleaded facts set forth in the complaint, and will resolve all doubts in favor of Ms. Smith.

In their initial preliminary objection, defendants demur to plaintiff's claims for relief based upon theories of fraud, negligence and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). Defendants contend that such claims are barred by the economic loss doctrine. This is not the case, however. The economic loss doctrine bars the plaintiff's negligence claim, but the doctrine does not bar plaintiff's fraud or UTPCPL claims. Therefore, this court sustains, in part, and overrules, in part, this preliminary objection.

First, the economic loss doctrine bars plaintiff's negligence claim found in Count III of the complaint. In Pennsylvania, the doctrine "precludes recovery for economic losses in a negligence action where the plaintiff has suffered no physical or property damage." *First Republic Bank v. Brand,* 50 D.&C.4th 329, 340 (2000). See *e.g., Spivack v. Berks Ridge Corp. Inc.,* 402 Pa. Super. 73, 78, 586 A.2d 402, 405 (1990); *Aikens v. Baltimore & Ohio R.R. Co.,*

348 Pa. Super. 17, 20, 501 A.2d 277, 279 (1985). When the doctrine applies, the plaintiff's recovery for pure economic loss is limited to an action on the contract. *New York State Electric and Gas Corporation v. Westinghouse Electric Corporation,* 387 Pa. Super. 537, 551, 564 A.2d 919, 926 (1989). Such is the case when a product "fails to conform." *Id.* The foundation of this doctrine rests in a "concern for maintaining the separate spheres of the law of contract and tort." *Id.* at 550, 564 A.2d at 925 (citing *East River S.S. Corp. v. Transamerica Delaval Inc.,* 476 U.S. 858, 870-73, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986)). Thus, when a plaintiff seeks recovery for pure economic harm, courts will not entertain a theory of recovery that is based on negligence.

Here, in Count III of plaintiff's complaint, Ms. Smith sets forth a claim based solely on negligence. Based on the foregoing discussion, it is well settled in Pennsylvania that such a claim is barred by the economic loss doctrine. Thus, plaintiff's averments in Count III fail to state a claim upon which relief can be granted, and defendants' first preliminary objection is sustained, in part.

Second, the economic loss doctrine does not bar plaintiff's fraud claim found in Count I of the complaint. Although Pennsylvania courts apply the doctrine to cases dealing with negligence, courts have chosen not to apply the doctrine in cases dealing with fraudulent misrepresentation. In *First Republic Bank,* the court noted, "[w]hile the economic loss doctrine applies to claims based on a defendant's negligence, it is far from clear that the doctrine applies to intentional torts." *First Republic Bank,* 50 D.&C.4th at 342. In determining whether to apply the doctrine, that court recognized that some courts have broadened the doctrine's scope to include tortious behav-

ior other than negligence. *Id.* However, it declined to apply the doctrine to fraudulent misrepresentation. *Id.* at 345.

In making its decision, *First Republic Bank* relied on the convincing logic of a Wisconsin federal court. As the Wisconsin court stated, "[a]lthough it makes sense to allow parties to allocate the risk of mistakes or accidents that lead to economic losses, it does not make sense to extend the doctrine to intentional acts taken by one party to subvert the purpose of a contract." *Stoughton Trailers Inc. v. Henkel Corp.,* 965 F. Supp. 1227, 1236 (W.D. Wis. 1997). Even assuming that conceivable contractual provisions could allocate the risk of intentional deception, such provisions would "not be conducive to amicable commercial relations." *Id.*

Here, accepting as true all of the well-pleaded facts of the complaint, and drawing all inferences from those facts in favor of the plaintiff, she made out a claim of fraudulent misrepresentation. As the *Stoughton* court stated, "it does not make sense to extend the doctrine to intentional acts taken by one party to subvert the purpose of a contract." *Id.* As a result, plaintiff's fraud claim is not barred by the economic loss doctrine, and defendant's first preliminary objection is overruled, in part.

Finally, the economic loss doctrine does not bar plaintiff's UTPCPL claim found in Count IV of the complaint. Even though the Third Circuit ruled that the doctrine barred such claims, and predicted that the Pennsylvania Supreme Court would rule likewise, *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 679-80 (3d Cir. 2002), Pennsylvania state courts have refused to apply the doctrine to UTPCPL claims. *E.g., Oppenheimer v. York,* 2002 WL 31409949 at 5-6 (Pa. Com. Pl.); *Zwiercan v. General Motors Corp.,* 58 D.&C.4th 251 (2002). It is important to

note that lower federal court decisions that construe state law are not binding on state courts; they are merely persuasive. *Hutchison ex rel. Hutchison v. Luddy,* 763 A.2d 826, 837 n.8 (Pa. Super. 2000). As such, this court chooses to follow the reasoning of the Pennsylvania state courts in determining that the economic loss doctrine does not bar plaintiff's UTPCPL claims.

It is logically sound to rule that such a claim is not barred. Plaintiff's UTPCPL claims do not allege negligence, but focus on the defendants' allegedly deceptive misrepresentations. Courts have ruled that the economic loss doctrine does not apply to intentional tort claims. *E.g., First Republic Bank,* 50 D.&C.4th at 342. Similarly, the doctrine does not bar plaintiff's UTPCPL claims regarding the defendants' alleged misrepresentations. See *Zwiercan,* 58 D.&C.4th 251. In addition, "[t]he general purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices." *Burke v. Yingling,* 446 Pa. Super. 16, 22, 666 A.2d 288, 291 (1995). This purpose, moreover, is "to be liberally construed to prevent unfair or deceptive purposes." *Oppenheimer,* 2002 WL 31409949 at 6 (citing *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 450, 460, 329 A.2d 812, 816-17 (1974)). Allowing the economic loss doctrine to bar plaintiff's UTPCPL claim would eviscerate the purpose of the statute, which the legislature enacted with full knowledge of the existence of common-law contract remedies. *Id.* Knowing, then, of such remedies, and still providing relief under the UTPCPL, the legislature did not intend the economic loss doctrine to bar such relief. Accordingly, plaintiff's UTPCPL claim is not barred by the economic loss doctrine, and defendants' first preliminary objection is overruled, in part.

Defendants' second preliminary objection, in the nature of a demurrer, seeks to strike plaintiff's claim for punitive damages on the grounds that such damages are not allowed in this Commonwealth under the facts alleged. Accepting as true all of the well-pleaded facts, however, a claim for punitive damages is appropriate.

Punitive damages may be awarded by a jury for "torts that are committed willfully, maliciously, or so carelessly as to indicate [a] wanton disregard of the rights of the party injured." *G.J.D. by G.J.D. v. Johnson,* 552 Pa. 169, 172, 713 A.2d 1127, 1129 (1998). (citation omitted) "Where [the plaintiff] in pleadings allege[s] facts that demonstrate the requisite state of mind, punitive damages may be awarded." *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 623, 533 A.2d 436, 448 (1987). However, punitive damages are not appropriate in every case. Punitive damages are awarded to punish acts of "outrageous conduct" which are either the product of the "actor's evil motive" or his "reckless indifference to the rights of others." *Hoffman v. Memorial Osteopathic Hospital,* 342 Pa. Super. 375, 383, 492 A.2d 1382, 1387 (1985). Punitive damages are appropriate to punish and deter only extreme behavior, and in those rare instances in which they are justified, they are subject to strict judicial control. *Martin v. Johns-Manville Corp.,* 508 Pa. 154, 169, 494 A.2d 1088, 1096 (1985).

Here, accepting as true all of the well-pleaded facts set forth in the complaint, punitive damages are appropriate. The defendants' argument focuses on the "outrageousness" factor of the test for punitive damages. They neglect, however, to recognize that acts of "outrageous conduct" consist of those which are the product of the "actor's evil motive." *Hoffman,* 342 Pa. Super. at 383, 492 A.2d at 1387.

In addition, Pennsylvania courts recognize that fraud and misrepresentation claims support punitive damages. *E.g., McClellan v. Health Maintenance Organization of Pennsylvania,* 413 Pa. Super. 128, 144, 604 A.2d 1053, 1061 (1992). As the *McClellan* court stated, "it is difficult to picture a fact pattern which would support a finding of intentional fraud without providing proof of 'outrageous conduct' to support an award of punitive damages." *Id.* (citing *Delahanty v. First Pennsylvania Bank N.A.,* 318 Pa. Super. 90, 130, 464 A.2d 1243, 1263 (1983)). Here, plaintiff alleged that the defendants made specific, intentional, knowing, and/or reckless misrepresentations concerning the status of the automobile. Accepting these facts as true, a jury could appropriately award punitive damages. Therefore, defendants' second preliminary objection is overruled.

Defendants' third, and final, preliminary objection seeks to strike plaintiff's claim for attorney fees. It is important to note that this objection is contained within the defendants' proposed order, but the defendants failed to address the issue any further. Nevertheless, this court determines that plaintiff's request for attorney fees is appropriate. In the complaint, plaintiff alleges that defendants violated the UTPCPL. This court determined that such a claim is not barred by the economic loss doctrine. Accepting plaintiff's averments as true, then, plaintiff's request for attorney fees is proper. Section 201-9.2 of the UTPCPL provides that a court may award the plaintiff reasonable attorney fees. 73 P.S. §201-9.2. As such, this court overrules defendant's preliminary objection seeking to strike plaintiff's claim for attorney fees.

Accordingly, the court enters the following:

## ORDER

And now, September 29, 2004, upon consideration of the preliminary objections filed by defendants, Reinhart Ford, Reinhart-Flynn Inc., Chadd M. Turnbull, Nicholas J. Reinhart, Al Dempsey and Carl Reinhart, against the complaint of the plaintiff, Alice Smith, together with the briefs and supporting papers filed by the parties, it is hereby ordered that:

(1) Defendants' preliminary objection on the grounds that Counts I, III, and IV of the complaint failed to state a claim upon which relief could be granted is sustained, in part, and overruled, in part, in accordance with this opinion;

(2) Defendants' preliminary objection on the grounds that plaintiff's claim for punitive damages should be stricken is overruled;

(3) Defendants' preliminary objection on the grounds that plaintiff's request for attorney fees should be stricken is overruled.