Rodden v. Town and Country Kitchens and Bath, Inc.

C.P. of Montgomery County, no. 08-02320.

*Michael P. Quinn,* for plaintiffs.
*Mark Kardos,* for defendant.

MURPHY, *J.,* October 27, 2010—The instant opinion relates to the court's order dated August 20, which granted plaintiffs' motion for judgment on the pleadings. This decision was reached after oral argument on August 12, 2010. The court set forth its rationale in the order dated August 20, 2010. This opinion supplements that reasoning pursuant to R.A.P. 1925(a).

This case presents the question whether a transaction involving the purchase of custom kitchen cabinetry for plaintiffs' home is covered by the protections within §201-7 of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-7 (the "UTPCPL"). Both parties appeal

from this court's order dated August 20, 2010, holding that the UTPCPL applies and granting plaintiffs' motion for judgment on the pleadings. Defendant appeals from the judgment entered against it in the amount of $19,000. Plaintiffs appeal because this court did not grant to plaintiffs treble damages and attorneys' fees.

According to the complaint, filed with this court on January 29, 2008, plaintiffs, Steven and Anna Rodden, visited Town and Country Kitchens and Bath, Inc. (hereinafter "defendant") in or around November 2005 and expressed interest in purchasing goods or services from defendant. Plaintiffs assert and defendant admits that on or about December 7, 2005, defendant sent a representative to plaintiffs' residence where further discussions took place and measurements were taken, and plaintiffs tendered a deposit of $1,000 to defendant. According to the complaint, a representative of defendant visited the Rodden residence again on December 21, 2005, January 12, 2006, March 9, 2006, June 7, 2006, August 6, 2006 and November 2, 2006.

In its answer filed on March 18, 2008, defendant admitted that their representative was present at plaintiffs' home on December 7, 2005, December 21, 2005, January 12, 2006, August 6, 2006 and November 2, 2006. Plaintiffs allege that an additional $15,000 was delivered to Town and Country on June 7, 2006 at plaintiffs' residence. Defendant denies that this transaction took place at plaintiffs' home, asserting instead that the $15,000 deposit was delivered at defendant's place of business. Plaintiffs and defendant agree that a contract was delivered to plaintiffs for their signatures but

disagree as to the date. Plaintiffs assert that the proposed contract was delivered to them at their home on or about January 31, 2006. Defendant asserts that the contract was dated February 1, 2006 and was delivered to plaintiffs on February 21, 2006. Plaintiffs assert and defendant admits that the parties never signed a written agreement. Further, plaintiffs assert that defendant never provided the plaintiffs with written notice of their 3-day right of rescission as required by 73 Pa. C.A. 201-1. In its answer, defendant asserts that plaintiffs were orally advised of their right to rescission within 3 days, but defendant does not assert that plaintiffs received a written notice of the right to rescind. On or about December 21, 2006, plaintiff, Steven Rodden, telephoned defendant to cancel the order. Defendant asserts in its answer that the cabinets had been custom made and were scheduled to be delivered on December 23, 2006, and defendant could not stop production. Therefore, defendant asserted that plaintiffs would be liable for the expense of the cabinets.

Plaintiffs filed a complaint on January 29, 2008 seeking rescission of the original contract and return of the $19,000, in total, they had paid to defendant as a deposit plus statutory interest, attorneys' fees and treble damages under 73 Pa. C.A. 201-1. Defendant filed an answer and counterclaim on March 18, 2008, seeking over $8,000 in damages from plaintiffs, based upon defendant's claim that an oral contract had been created for delivery of custom kitchen cabinets for a total price of $27,000. On April 22, 2010, plaintiffs filed a motion for judgment on the pleadings pursuant to Rule 1034 and filed a memorandum of law on April 23, 2010. Defendant filed an answer to the

motion for judgment on the pleadings and a memorandum of law on March 21, 2010. Oral argument was held on August 12, 2010 and an order was entered on August 20, 2010, granting judgment on the pleadings to plaintiffs, and directing that judgment should be entered against the defendant in the amount of $19,000. Both plaintiffs and defendant appealed from this order. Defendant asserts the following concise statement of matters complained of:

1. The lower court erred in granting the motion... where there was no duty to rescind under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-7, where plaintiff had initially visited the showroom of defendant, all material contacts were at the showroom and the only meetings at the home of plaintiff were to take necessary measurements.

2. The lower court erred in granting the motion... where the sale or contract was not entered into "as a result of or in connection with" contact between the seller and consumer at consumer's home under Unfair Trade Practices and Consumer Protective Law, 73 P.S. §201-7.

3. The lower court erred in granting the motion... when the motion for judgment on the pleadings was filed approximately two years after the close of pleadings, there were disputed and genuine issues of fact and discovery had occurred between the parties.

Plaintiffs provided the following statement of matters complained of on appeal:

1. Whether the lower court erred as a matter of law

in precluding/failing to accept evidence on the issues of treble damages and attorneys' fees as permitted by Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et seq.

2. Whether the lower court abused its discretion in precluding/failing to accept evidence on the issues of treble damages and attorney fees" as permitted by Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et seq.

The essential question presented by defendant is whether the Unfair Trade Practices and Consumer Protection Law applies to the facts at issue in this case.

Section 201-7 provides, in pertinent part:

"(a) where goods or services having a sale price of Twenty-Five Dollars ($25) or more are sold or contracted to be sold to a buyer, as a result of, or in connection with, a contact with or call on the buyer at his residence, that consumer may avoid the contract or sale by notifying, in writing, the seller within three (3) full business days following the day on which the contract or sale was made and by returning or holding available for return to the seller, in its original condition, any merchandise received under the contract or sale. Such notice of rescission shall be effective upon deposit in the same of the United States mail or upon other service which gives the seller notice of rescission.

(b) at the time of the sale or contract, the buyer shall be provided with: (1) a fully completed receipt or copy of any contract pertaining to such sale, . . . and in immediate

proximity to the space reserved in the contract for the signature of the buyer...a statement in substantially the following form: you, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction....'

(e) the cancellation period provided for in this section shall not begin to run until the buyer has been informed of his right to cancel...."

Defendant asserts that because plaintiffs initially contacted defendant by visiting defendant's showroom, the fact that subsequent visits were at plaintiffs' home does not bring this transaction within the protection of the Unfair Trade Practices and Consumer Protection Law. The holding of the Superior court in *Burke v. Yingling*, 666 A.2d 288 (Pa. Super. 1995) is to the contrary. In *Burke v. Yingling*, the parties had executed a contract providing for the sale and installation of an audio-video system in buyer's home. The buyer, in Burke, had initially contacted seller, however, buyer and seller had subsequently met at buyer's home to discuss the transaction. The contract between buyer and seller did not include the written notice of buyer's right to rescind as required by Section 201-7. Over the course of several months, seller and buyer continued to meet, buyer made payments totaling over $19,000, and seller installed a system in buyer's home. Subsequently, buyer stopped making payments and sent seller notice that buyer wished to cancel the transaction pursuant to Section 201-7. The Superior court analyzed the application of the Unfair Trade Practices and Consumer Protection Law to those facts as follows:

The statute affords the right to cancel to any consumer who agrees to purchase goods or services with the value of $25 or more 'as a result of or in connection with' contact between the seller and the consumer at the consumer's home. The Statute provides for no exceptions. The buyer in this case falls precisely within this language. Here, seller expressly admitted in his answer . . . that seller engaged in repeated contacts with buyer at his home and that the sale of the audio-video system either resulted from or was consummated in connection with those contacts. The value of the system clearly exceeded the statutory minimum of $25. *Burke v. Yingling*, 666 A.2d 288 (Pa. Super. 1995).

Defendant argues that plaintiffs initially visited defendant's place of business. Although defendant admits that a representative of defendant came to plaintiffs' home on at least five occasions to take measurements and, in one case, to accept a deposit, defendant attempts to distinguish *Burke v. Yingling* because here there was no allegation that actual consummation of the contract took place at the home.

The asserted distinction between the facts of this case and the facts in *Burke v. Yingling* is unavailing.

As the Superior court noted in its analysis of the statute in *Burke v. Yingling*,

(T)his legislative language clearly provides a right to cancel to all buyers, even if the buyer is sophisticated, in no way deceived or pressured by the seller, and takes adequate time to reflect before agreeing to the transaction. 666 A.2d 288, 291.

The initial question to be answered under the clear language of the statute is were goods or services sold or contracted to be sold to the buyer "as a result of or in connection with a contact or call on the buyer at his residence?" Here the answer is yes and defendant admitted contact with and calls upon the buyers at their residence on at least five occasions. On at least one of these occasions, a deposit of $1,000 was accepted at the home of the plaintiffs. This, too, was admitted by defendant in its answer.

Having answered this question in the affirmative, the Statute clearly applies. The Statute requires that at the time of the sale or contract, the buyer must be provided with a written notice of buyer's right to cancel the transaction within three days. Defendant admitted in its answer that it did not provide the required written notice. Having failed to provide the required written notice to the buyers, the Statute clearly provides that the cancellation period did not begin to run. Thus, plaintiffs had a right to cancel the contract, having not been provided the required written notice. Given the clear language of the Statute and the Superior court's opinion in *Burke v. Yingling*, and given the facts established on the face of the pleadings, no other conclusion is possible. For these reasons, this court granted plaintiffs' motion for judgment on the pleadings.

Plaintiffs complain in their concise statement of matters complained of on appeal that this court failed to accept evidence on the issues of treble damages and attorneys' fees. However, plaintiffs moved for judgment on the pleadings. Plaintiffs did not take any steps to preserve their right to introduce evidence on the issues of attorneys' fees

or treble damages. In conducting an inquiry on a motion for judgment on the pleadings, the court is constrained to consider only the pleadings and relevant documents and not to entertain additional evidence. Under these circumstances, plaintiffs have not established a basis to recover treble damages or attorneys' fees.

The goods and services were purchased by plaintiffs "as a result of or in connection with" contact at their home, and therefore, plaintiffs are entitled to the protections of Section 201-7" of the Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. §201-7. Given that the statute applies, and that the pleadings make it clear that there is no dispute that no notice of rescission was ever provided to the plaintiffs, the period within which plaintiffs could rescind their agreement did not begin to run. Therefore, plaintiffs are entitled to rescind their agreement for purchase of goods and services and are entitled to a refund of the sums paid. Plaintiffs have not established entitlement to treble damages or attorneys' fees.

For the foregoing reasons, the August 20, 2010, order granting judgment on the pleadings in favor of plaintiffs, Steven and Anna Rodden, in the amount of $19,000, plus allowable costs and interest, was correct.