COMMONWEALTH of Pennsylvania, Acting by Attorney General Thomas W. CORBETT, Jr.

v.

John REICHENBACH, Individually, and d/b/a John Reichenbach General Contracting, Appellants.

Commonwealth of Pennsylvania, Acting by Attorney General Thomas W. Corbett, Jr., Appellant

v.

John Reichenbach, Individually, and d/b/a John Reichenbach General Contracting.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 2012.

Decided Feb. 3, 2012.

Christopher T. Spadoni, Bethlehem, for appellants John Reichenbach, Individually and d/b/a John Reichenbach General Contracting.

Claudia M. Tesoro, Senior Deputy Attorney General, Philadelphia, for appellant Commonwealth of Pennsylvania, Acting by Attorney General Thomas W. Corbett, Jr.

BEFORE: LEADBETTER, President Judge,[1] and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Judge McCULLOUGH.

Before the court are the cross-appeals filed by John Reichenbach, individually, and doing business as John Reichenbach General Contracting (Reichenbach), and the Commonwealth of Pennsylvania from the April 1, 2010, order of the Northampton County Court of Common Pleas (trial court) which sustained in part and denied in part a contempt petition filed by the Commonwealth. For the reasons that follow, we affirm.

The trial court's findings may be summarized as follows. On November 5, 1996, the Commonwealth and Reichenbach entered into a Consent Petition which was adopted by the trial court. Relevant here, in paragraph one of the Consent Petition, the parties agreed that Reichenbach shall include on all contracts for $25 or more signed in the consumer's home a true and correct statement of the buyer's right to rescission as required by section 7 of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).[2] Pursuant to paragraph three, Reichenbach is required to append to all contracts signed in the home "Notice of Cancellation" forms, properly completed in duplicate, as required by section 7 of the UTPCPL. Paragraph four states that Reichenbach shall promptly refund all monies due and owing when a consumer exercises his or her rescission rights pursuant to section 7 of the UTPCPL. In accordance with paragraph nine of the Consent Petition, Reichenbach forfeited his right or franchise to be a home improvement contractor until he

---

1. This case was assigned to the author on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

2. Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201–1–201–9.3.

paid $1,250 in costs and a penalty to the Commonwealth. (Finding of Fact No. 1.)

Reichenbach failed to pay the $1,250 but nevertheless continued to engage in home improvement contracting after signing the Consent Petition. On March 12, 2008, Reichenbach entered into a home improvement contract with Elizabeth Schoenauer (Schoenauer) at her residence. The contract pertained to remodeling her kitchen, including the installation of new cabinets, for a price of $14,400, and did not include a Notice of Cancellation form. Reichenbach began working on that contract approximately one month after it was signed. Reichenbach stopped working on the kitchen without purchasing or installing the new cabinets. Schoenauer contacted Reichenbach on numerous occasions to no avail. On September 22, 2008, Schoenauer, through her attorney, terminated her contract. Reichenbach did not return the $14,400 paid by Schoenauer. (Findings of Fact, Nos. 2–13.)

On July 20, 2008, Reichenbach entered into a home improvement contract with Terri Macauley (Macauley) at her residence, which did not include a Notice of Cancellation form. Reichenbach began working on the contract approximately one week after it was signed. Macauley made several adjustments to the contract, and Reichenbach continued to do periodic work on the contract until late November of 2008. Macauley terminated the remodeling contract for dissatisfaction with the work *via* letter dated March 26, 2009. (Findings of Fact, Nos. 14–20.)

In April of 2009, after receiving complaints from Schoenauer and Macauley, the Commonwealth filed a petition to hold Reichenbach in contempt of the existing Consent Petition, alleging violations of paragraphs one, three through six, nine, and eleven of the Consent Petition and seeking fines and restitution in the amount of $242,650. The trial court held hearings in August and November. On April 1, 2010, the trial court issued a decision and order sustaining the contempt petition for violations of paragraphs one, three, four, and nine of the Consent Petition. The trial court ordered Reichenbach to pay fines to the Commonwealth as follows: $1,250 as required by paragraph nine of the Consent Petition; an additional fine of $1,250 for failing to comply with paragraph nine; $2,500 for his failures with respect to Schoenauer; and $1,500 for his failure with respect to Macauley. The trial court stated that its assessment of fines was intended to encourage Reichenbach's future compliance with the UTPCPL and the Consent Petition.

Next, relying on *Burke v. Yingling,* 446 Pa.Super. 16, 666 A.2d 288 (1995), the trial court directed Reichenbach to pay Schoenauer $14,400 in restitution. However, the trial court rejected the Commonwealth's contention that Macauley was entitled to $67,000 in restitution, concluding that the purpose of the UTPCPL did not extend to circumstances where a customer seeks recovery for an alleged breach of contract. The trial court denied the Commonwealth's contempt petition with respect to all other provisions of the Consent Petition. Finally, the trial court concluded that the Commonwealth was entitled to collect costs and attorney's fees associated with the proceedings and ordered Reichenbach to pay the Commonwealth $5,000 in costs and counsel fees. Thereafter, the trial court denied the parties' motions for reconsideration, and Reichenbach and the Commonwealth now appeal to this Court.[3]

---

3. Our scope of review of the trial court's contempt order is limited to determining whether the trial court abused its discretion or committed an error of law. *Township of*

Reichenbach first argues that the trial court erred in sustaining the contempt petition because the Commonwealth failed to set forth sufficient facts to establish that Reichenbach violated the Consent Petition. According to Reichenbach: he included the required language concerning a customer's right to rescission in the contracts; he appended the required Notice of Cancellation forms to the contracts; he orally advised the customers of their rescission rights; and he performed the vast majority of the contract work but was prevented from completing the work by the actions of the customers. In addition, Reichenbach contends that the customers did not exercise their right to rescission. Thus, Reichenbach asserts that, but for his failure to pay the $1,250 fine, which he describes as merely an oversight, he complied with all of the terms and conditions of the Consent Petition. We disagree.

■ Paragraph one of the Consent Petition specifically states that Reichenbach shall include on all contracts for $25 or more that are signed in the home, a true and correct statement of the buyer's right of rescission "as required by Section 7 of the [UTPCPL]."[4] Section 7(b)(1) of the UTPCPL states that the buyer shall be provided with:

> A fully completed receipt or copy of any contract pertaining to such sale . . . and which shows the date of the transaction and contains the name and address of the seller, and in immediate proximity to the space reserved in the contract for the signature of the buyer or on the front page of the receipt if a contract is not used and *in bold face type* of a

minimum size of ten points, a statement in substantially the following form:

> 'You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right.'

73 P.S. § 201–7(b)(1) (emphasis added).

Reichenbach included a similar provision in both contracts, in regular font, directly above the space reserved in the contract for the signature of the buyer, as follows:

> Note: this proposal may be withdrawn by us if not accepted within 30 days. Note: To cancel this transaction, deliver a signed and dated written cancellation note within 3 days after the date of acceptance.

Commonwealth's Ex. C–4, Def.'s Ex. 2. Although this statement was substantially similar to the statement quoted in section 7(b)(1), it was not in bold face type as required by section 7(b)(1). Thus, the trial court did not err in finding that Reichenbach violated paragraph one of the Consent Petition.

■ Pursuant to paragraph three of the Consent Petition, Reichenbach "SHALL append to all contracts signed in the home 'Notice of Cancellation' forms, properly completed in duplicate, as required by Section 7 of the [UTPCPL]."[5] Section 7(b)(2) of the UTPCPL requires that specific language and statements be set forth in the Notice of Cancellation, including, in relevant part, the following:

> Notice of Cancellation
>
> (Enter Date of Transaction)

---

*Lycoming v. Shannon,* 780 A.2d 835, 838 n. 1 (Pa.Cmwlth.2001).

**4.** Supplemental Reproduced Record (S.R.R.) at 12b.

**5.** S.R.R. at 12b.

You may cancel this transaction, without any penalty or obligation, within three business days from the above date.

If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within ten business days following receipt by the seller of your cancellation notice....

73 P.S. § 201–7(b)(2). Although Reichenbach argues that he gave Schoenauer and Macauley verbal notice of their cancellations rights, he did not append Notice of Cancellation forms to either contract, thereby violating paragraph three of the Consent Petition.

■ Paragraph four of the Consent Petition provides that Reichenbach "SHALL promptly refund all monies due and owing when a consumer exercises his or her rescission rights pursuant to Section 7 of the [UTPCPL]."[6] Section 7(g) of the UTPCPL states as follows:

Any valid notice of cancellation by a buyer shall be honored and within ten business days after the receipt of such notice, seller shall (i) refund all payments made under the contract or sale; (ii) return any goods or property traded in, in substantially as good condition as when received by the seller; (iii) cancel and return any negotiable instrument executed by the buyer in connection with the contract or sale and take any action necessary or appropriate to terminate promptly any security interest created in the transaction.

73 P.S. § 201–7(g). The record confirms that Schoenauer provided such notice to Reichenbach,[7] and he admittedly did not refund the payments she made under the contract. Accordingly, Reichenbach violated paragraph four of the Consent Agreement.

Paragraph nine of the Consent Petition specifically states that Reichenbach "SHALL forfeit his right or franchise to be a home improvement contractor until he has paid [$1,250] to the Commonwealth of Pennsylvania...."[8] Reichenbach admitted that he has not made the required payment. (Trial court op. at 7.) Thus, the trial court properly found that Reichenbach violated paragraph nine of the Consent Petition.

■ Having rejected Reichenbach's assertion that the fines assessed by the trial court are not supported by evidence of violations of the Consent Petition, we address his assertion that the fines are disproportionate to those violations. In *Jackson v. Hendrick,* 764 A.2d 1139 (Pa. Cmwlth.2000), we explained that the courts have always possessed inherent powers to enforce their orders and decrees by imposing sanctions. Further, when considering an appeal from a contempt order, a reviewing court must place great reliance upon the discretion of the trial judge. *Id.* Here, the trial court explained that its assessment of fines was ordered to encourage Reichenbach's future compliance with the UTPCPL and the Consent Petition.

■ Considering the terms of the Consent Petition and Reichenbach's repeated violations of its provisions, we conclude that the trial court was well within its discretion to order Reichenbach to pay a fine of $2500 for the violation of paragraph nine, (which amount includes the original $1250 fine ordered but not paid), and to assess fines of $2500 and $1500 for Reichenbach's multiple violations of the Con-

---

6. S.R.R. at 13b.

7. S.R.R. at 30b–31b; Finding of Fact No. 12.

8. S.R.R. at 14b.

sent Petition with respect to the Schoenauer and Macauley contracts. Moreover, Reichenbach cites no facts or legal authority to support his assertion that the fines are disproportionate to his violations of the Consent Petition.

Reichenbach further argues that the trial court erred or abused its discretion in ordering him to pay the Commonwealth $5,000 in costs and attorney's fees, contending that the Commonwealth failed to establish any violation of the Consent Petition other than paragraph nine, and where his the failure to pay the $1250 fine originally ordered was merely an oversight.[9] Having rejected the underlying contentions, we also reject this argument.

Finally, we address Reichenbach's assertion that the trial court erred in ordering him to pay $14,400 in restitution to Schoenauer.[10] In relevant part, Reichenbach complains that he completed most of the work called for before Schoenauer terminated the contract.

According to Reichenbach, he completed a significant amount of the work he agreed to perform, and he only failed to complete the cabinet installation because Schoenauer changed her mind as to the color she wanted and then cancelled the contract

before the re-ordered cabinets were received. Schoenauer acknowledged that Reichenbach removed the old cabinets, removed soffit, removed a half-wall, repaired drywall, primed and painted the kitchen, ran electrical wires and installed new ceiling lights. (N.T. at 29–32.) However, she stated that, after directing her to a specific store to choose a cabinet and stain color and taking a $5000 deposit to purchase the cabinets, Reichenbach told her to order from a different manufacturer using a catalog. Although he assured her that the stain color would be identical, when the cabinet stain sample arrived approximately five weeks later, the color was not the same. Schoenauer told Reichenbach that the color was wrong, and, ultimately, he stopped working without completing the job.

By letter dated September 22, 2008, Schoenauer's attorney informed Reichenbach that he owed Schoenauer the amount of $6550, representing the difference between the amount remaining due under the contract and the cost of purchasing and installing new cabinets and completing the remaining work. (S.R.R. at 30b–31b.) Reichenbach did not respond. Relying on *Burke v. Yingling*, 446 Pa.Super. 16, 666 A.2d 288 (1995),[11] the trial court ordered

---

9. The Consent Petition states:
   [Reichenbach] agrees by signing of this Consent Petition that [he] shall be permanently enjoined from the breaching of any and all of the aforementioned provisions of the Petition ... and that the breach of any and all of the terms shall be sufficient warrant for the Attorney General of Pennsylvania acting in the name of the Commonwealth to petition the [trial court] to hold [Reichenbach] in contempt and to assess penalties, including but not limited to civil, and other penalties, as provided for in this Petition, as well as section 8, 9, and 9.1 of the [UTPCPL], as the court shall determine. S.R.R. at 14b.

10. Section 201–4.1 of the UTPCPL provides for payment of costs and restitution:

Whenever any court issues a permanent injunction to restrain and prevent violations of this act as authorized in section 4[ ] above, the court may in its discretion direct that the defendant or defendants restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any violation of this act, under terms and conditions to be established by the court.
73 P.S. § 201–4.1. Section 4.1 was added by the Act of November 24, 1976, P.L. 1166.

11. In that case, the buyer, Bryan L. Yingling, M.D., contacted the seller, Joseph Burke t/a d/b/a Audio Video Concepts in May 1991 about the purchase of a customized audio-video system. The parties then met at the buyer's home to discuss the transaction.

Reichenbach to pay $14,400 in restitution, explaining that it considered the award "appropriate to encourage [Reichenbach's] future compliance with the Consent Petition and the UTPCPL." (Trial court op. at 11.)

Restitution is an equitable remedy that is permissible under section 8 of the UTPCPL, 73 P.S. § 201–8.[12] *Commonwealth v. Ted Sopko Auto Sales and Locator*, 719 A.2d 1111 (Pa.Cmwlth.1998) (summarily rejecting a challenge to the propriety of an award of restitution based on the authority conferred by section 8(a) of the UTPCPL). The purpose of this equitable remedy "is to return the parties as nearly as possible to their original positions where warranted by the circumstances of the transaction." *Baker v. Cambridge Chase, Inc.*, 725 A.2d 757, 766 (Pa.Super.1999). Therefore, as in the in-stant case, "restitution often goes with rescission, and should not be characterized as damages...." *Id.* As the Superior Court noted in *Baker*, if a party brings a fraud claim under the UTPCPL, they may be entitled to treble damages and attorney's fees in addition to restitution. *Id.* Further, even a defaulting party may be entitled to restitution for a benefit conferred by his past performance. *Sevast v. Kakouras*, 841 A.2d 1062, 1067 (Pa.Super.2003) (citing John Edward Murray, Jr., Murray on Contracts, § 126 at 721 (3d ed.1990)).

Under the circumstances, we agree that the trial court erred in awarding Schoenauer restitution in the full amount of $14,400 paid, which we note was more than twice the amount Schoenauer requested. Accordingly, we vacate this portion of the trial court's order and remand to the trial

---

They continued to negotiate for several months and met at least once more in the buyer's home. In July 1991, the parties executed an agreement for the sale and installation of the custom system at a contract price of $21,533.82. The contract did not include the written notice of the buyer's right to cancel as required by section 7 of the UTPCPL.

Over the course of several months, the seller installed the system in the buyer's home. The buyer made payments totaling $19,522.22, but he stopped making payments when he became dissatisfied with the work being performed. In March 1992, the buyer notified the seller of his intent to cancel the transaction pursuant to section 7 of the UTPCPL.

The seller brought an action seeking to recover the balance of the contract price plus additional money for extra work allegedly performed; the buyer filed a counterclaim. The trial court granted the seller's motion for summary judgment, reasoning that since the buyer was a sophisticated consumer who had initiated the transaction and conducted lengthy negotiations over the purchase of the product, he was not the type of consumer that section 7 of the UTPCPL was intended to protect. Although our Superior Court found that rationale appealing, it reversed the trial court's order, explaining that the UTPCPL "clearly provides a right to cancel to all buyers even if the buyer is sophisticated, in no way deceived or pressured by the Seller, and takes adequate time to reflect before agreeing to the transaction." *Id.* at 291. Accordingly, the Superior Court reversed the grant of summary judgment to the seller and remanded the matter to the trial court for further proceedings.

12. Section 8(a) of the UTPCPL states that

[a]ny person who violates the terms of an injunction ... or any terms of an assurance of voluntary compliance duly filed in court ... shall forfeit and pay to the Commonwealth a civil penalty.... For purposes of this section the court issuing the injunction or in which an assurance of voluntary compliance is filed shall retain jurisdiction, and the cause shall be continued; and, in such cases, the Attorney General, or the appropriate District Attorney, acting in the name of the Commonwealth of Pennsylvania, may petition for recovery of civil penalties and *any other equitable relief* deemed needed or proper.

73 P.S. § 201–8(a) (emphasis added).

court to calculate a proper award of restitution.

█ The Commonwealth's sole argument on appeal is that Macauley also is entitled to restitution, in the amount of $67,000. The trial court determined that Macauley's complaint was not based on conduct constituting a violation of the UTPCPL, but instead is fairly characterized as a breach of contract claim. After review of the record, we agree. The trial court also opined that allowing a consumer to recover breach of contract damages through a contempt petition brought by the Commonwealth would extinguish the defendant's right to a jury trial; again, we agree.

Accordingly, we vacate the trial court's order insofar as it awards Schoenauer $14,400 in restitution and remand for a revised calculation of that award. In all other respects, we affirm.

### ORDER

AND NOW, this 3rd day of February, 2012, we vacate the trial court's order insofar as it awards Schoenauer $14,400 in restitution and remand for a revised calculation of that award. In all other respects, we affirm.

Jurisdiction relinquished.